AUSTIN T. JENKS, Assignee, *vs.* JOHN D. LUDDEN.

February 17, 1886.

Insolvency — Creditor with Attachment Lien in Wisconsin — Power of Court in Minnesota.—The copartnership of Walker, Judd & Veazie, citizens of Minnesota, being indebted to residents of this state in the sum of $150,000, and the further sum of $40,000 to non-residents, including $10,000 to citizens of Wisconsin, executed, pursuant to Laws 1881, c. 148, known as the "Insolvent Law," an assignment of all their firm property, of which real estate worth $60,000 was situated in Wisconsin. *Prior* to the execution of this assignment, the defendant, also a citizen of this state, a creditor of the firm, had acquired an attachment lien upon the Wisconsin real estate. Other creditors, citizens of Wisconsin, had also, prior to the assignment, acquired attachment liens on the same property. Defendant has never become a party to the assignment, nor participated in its benefits. Our "insolvent law" is essentially different from the statute of Wisconsin regulating assignments for the benefit of creditors, and in some respects directly in conflict with it. *Held, first,* that the courts of this state have no right to enjoin defendant from enforcing his attachment lien on the real property in Wisconsin, although

the execution of the assignment might, under our statute, have dissolved such an attachment in this state; *second,* that, even if they had the power to do so, they ought not, in the use of a sound discretion, to exercise it in this case, where the only effect might be to enable non-resident creditors to step in and appropriate the attached property.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons,* J., presiding, dissolving a temporary injunction.

*Fayette Marsh* and *Geo. F. Sabin,* for appellant.

*John B. & W. H. Sanborn,* for respondent.

MITCHELL, J. December 25, 1884, the insolvent firm of Walker, Judd & Veazie, citizens of Minnesota, executed to plaintiff, also a citizen of this state, an assignment under Laws 1881, *c.* 148, known as the "Insolvent Law," of all their copartnership property, consisting of real and personal property in this state, and of real property in the state of Wisconsin. November 8th, 47 days prior to the execution of this assignment, defendant, also a citizen of this state, in an action brought in Wisconsin to recover a just debt due him from this firm, had attached, according to the laws of that state, the real property there situated. Defendant has never, in any manner, assented to or become a party to the assignment, or participated in its benefits. The plaintiff, as assignee, brings this action to restrain defendant from proceeding to enforce his attachment lien in Wisconsin.

His contention is that inasmuch as the assignment would have operated to dissolve this attachment, had it been issued and levied in this state, therefore our courts can and should enjoin one of their own citizens from availing himself of such an attachment in another state, and thus preventing the property there situated from coming into the hands of the assignee, to be administered under the assignment according to our laws. The arguments of counsel have taken a wide range, discussing exhaustively the questions of the extraterritorial effect of "insolvent assignments," and of the power of a court of equity to restrain its own citizens from prosecuting suits in other states.

Under the view we take of the case, it is unnecessary to follow counsel to any great length in the consideration of either of these

questions. We fail to see how, under any circumstances, the action can be maintained. In attaching the property of his debtors in Wisconsin, the defendant did no wrong to any one, and violated the legal rights of no one. He was rightfully pursuing a legal remedy for the collection of his debt, given him by the laws of that state. Under those laws he had acquired a valid lien upon this property, prior and paramount to the assignment. There was no contract relation between him and plaintiff, and he owed plaintiff no duty. He was no party to the assignment, had never assented to it or participated in its benefits. He had retained, as he had a right to do, his claim and right of action against his debtors, unaffected by the insolvency proceedings. *Wendell* v. *Lebon*, 30 Minn. 234. We are utterly unable to perceive upon what principle the courts of this state can or ought to interfere and deprive him of the benefit of his lien which he had acquired, prior to the assignment, upon the debtors' real estate in Wisconsin. We find no precedent for any such a thing. Even in England, whose courts hold very firmly that an assignment under a bankrupt or insolvent law has a universal application, and passes all *personal* property of the insolvent in foreign countries, and that all attachments made thereon *after* such assignment are invalid, we find no case where they have ever attempted to enjoin a creditor from availing himself of his attachment upon *real property* situated abroad, whether levied before or after the assignment; and in the case of personal property situated abroad, we find no case where they have denied to a creditor the benefit of his attachment levied *prior* to the assignment. The most that is claimed is that the assignment passes to the assignee the personalty, subject to such liens as exist at the date of its execution. And in this country, as far as we can discover, the case of *Dehon* v. *Foster*, 4 Allen, 545, and 7 Allen, 57, stands alone in assuming to interfere with an attachment lien, even on personal property situated outside of the state, acquired prior to the date of the assignment. And in that case it may be observed in passing that the property attached was a *debt*, which some courts have attempted to distinguish from chattels in that it is not a *corpus* capable of local position or actual *situs*. There is no provision of law in the state of Wisconsin by which the execution of such an assignment as this, either

there or elsewhere, would operate to dissolve this attachment, and it is not pretended that our insolvent law can have any such extraterritorial operation as to effect that result. Therefore, if by the laws of Wisconsin defendant has acquired a valid lien on this land, prior and paramount to the assignment, we can see no ground upon which our courts can assume to deprive him of the benefit of it. See *Warner* v. *Jaffray*, 96 N. Y. 248.

But even if our courts had the power to do so, there is good reason on the facts why, in the exercise of a sound discretion, they ought not to exercise it in this case. The only object of the injunction is that these lands may come into the hands of the assignee, to be administered under the assignment, and the only ground for granting it would be that, but for defendant's attachment, they would be available for that purpose.

Now, it appears from the facts in this case that these lands are subject to attachment liens acquired prior to the date of the assignment in favor of citizens of Wisconsin, to the amount of some $10,000, which, in any view of the law, will take precedence of the assignment. The lands are found to be worth $60,000. But it also appears that there are other creditors of Walker, Judd & Veazie, not citizens of Minnesota, who hold claims to the amount of some $30,000, and who may levy on these same lands. These non-resident creditors are, of course, not amenable to any process of the courts of this state. Now, our insolvent law, and the statute of Wisconsin regarding assignments for the benefit of creditors, are essentially different. Our act of 1881 is, as we have repeatedly held, a bankrupt act, the assignee being in effect an officer of the court, and the assigned property being *in custodia legis*, and administered by the court or under its direction. *Wendell* v. *Lebon*, 30 Minn. 234; *In re Mann*, 32 Minn. 60; *Lord* v. *Meachem*, Id. 66; *Bennett* v. *Denny*, 33 Minn. 530; *Simon* v. *Mann*, Id. 412. It provides for a discharge of the debtor, and only those creditors are entitled to the benefit of an assignment under it who execute releases to the debtor. The statute of Wisconsin appears to be merely one regulating voluntary common-law assignments. Rev. St. Wis. 1878, §§ 1694 *et seq.* It does not provide for any discharge of the debtor, nor does it require creditors to execute any release to

him in order to participate in the benefits of the assignment. It expressly provides that any and all assignments for the benefit of creditors, which shall contain or give any preference to one creditor over another, shall be void. Laws Wis. 1883, c. 349.

Now, in view of these radical differences between the laws of the two states, any one at all conversant with the decisions upon this subject can see that it at least admits of grave doubt what force or effect the courts of Wisconsin may give to an assignment made under our insolvent law, as against creditors pursuing a remedy in their courts against property situated within the jurisdiction of that state. Without assuming to anticipate what the learned courts of Wisconsin would hold, we can at least say that they would not be without precedent or authority to sustain them if they should hold this assignment void as to creditors who have not assented or become parties to it; and we think we may, without impropriety, assume that, in passing upon this question, the courts of that state will apply the same rule to non-resident creditors as to those who are citizens of their own state. Notwithstanding that a contrary doctrine, narrow and provincial as we think, and of questionable constitutionality, has heretofore sometimes obtained, yet we think we may lay it down as now reasonably well settled that when once in court, and accepted as a suitor, neither the law, nor the court administering it, will make any distinction between citizens of their own state and those of another, but that a citizen of one state, rightfully in court pursuing a remedy given by the laws of another state, may enforce that remedy to the same extent, and in the same manner, and with the same priority of lien as a citizen of the forum. *Hibernia Nat. Bank* v. *Lacombe*, 84 N. Y. 367; *Warner* v. *Jaffray*, 96 N. Y. 248; *Paine* v. *Lester*, 44 Conn. 196; *Kidder* v. *Tufts*, 48 N. H. 121.

We may also take it as settled that the question whether property situated in Wisconsin is subject to attachment or levy by creditors, notwithstanding any assignment made in another state, is to be determined exclusively by the laws of Wisconsin,—the *situs* of the property. *Lewis* v. *Bush*, 30 Minn. 244; *Green* v. *Van Buskirk*, 5 Wall. 307; *Hervey* v. *Rhode Island Locomotive Works*, 93 U. S. 664.

In view of all these facts, it is evident that, even if defendant were

enjoined, there is no probability, at least no certainty, that these lands would become available as assets under the assignment. To enjoin defendant might merely enable non-resident creditors to step in and appropriate the property. The effect would be merely to injure one of our own citizens, without accomplishing any benefit to other domestic creditors. This consideration alone is sufficient reason why an injunction should not be granted, as was virtually conceded in *Dehon* v. *Foster, supra,* so much relied on by counsel.

We have not overlooked the point made by defendant that, even if this attachment had been issued in this state, the execution of the assignment would not have dissolved it, because levied more than 10 days prior. As authority for this, he cites a remark made in *Wendell* v. *Lebon,* 30 Minn. 234, 240. An examination of the opinion in that case will show that this particular question was not before the court, and in fact was not in mind; the point being made was generally that an attachment, as part of the remedy, was subject to the law of the forum as to its dissolution, and the remark quoted is not to be taken as a decision of the point to which it is now cited. We do not care to decide that question until it becomes necessary, and hence have disposed of the present case upon the assumption that if defendant's attachment had been a domestic one, the execution of the assignment would have dissolved it.

Order affirmed.