(Opinion published 56 N. W. Rep. 254.)

WILLIAM E. COVEY *vs.* DWIGHT G. CUTLER *et al.*

Submitted on brief by appellant, argued by respondent, July 18, 1893. Affirmed Sept. 8, 1893.

No. 8288.

**An Assignment Passes the Title to Personal Property Wherever Situated.**

The general rule of law that voluntary conveyances of personal property, valid by the laws of the state where made, pass the title wherever the property may be situated, is applicable to the case of voluntary assignments for the benefit of creditors.

Appeal by defendants, Dwight G. Cutler and Edward A. Gilbert, from an order of the District Court of St. Louis County, *Calvin L.*

*Brown,* J., made February 27, 1893, denying their motion for a new trial.

Thomas J. Nicol of Duluth being insolvent, on October 7, 1892, made a general assignment under Laws 1881, ch. 148, to the plaintiff, William E. Covey of all his non-exempt property, in trust for the benefit of his creditors. Covey accepted the trust and entered upon the discharge of his duties. Among the property assigned were five hundred and fifty (550) barrels of salt and two hundred and fifty (250) sacks of salt of the value of $780. This salt was at that time in the freight depot of the Minnesota Eastern Railway Company on the dock in West Superior, Wis., in the charge of S. A. Kemp, the station agent. The defendants resided and were doing business in Duluth, and Nicol was indebted to them $745.85. On October 17, 1892, they commenced an action on their claim against Nicol in the Circuit Court of Douglas County, Wisconsin, and garnished the Railway Company. They obtained judgment November 11, 1892, and caused the salt to be taken by the sheriff and sold to pay their judgment. At the sale, on December 7, 1892, they bid it in for $350 and took it away and converted it to their own use. The assignee brought this action to recover of them the value of the salt. They answered, claiming that the assignee never took possession of the salt and that the Minnesota assignment was ineffectual to transfer the title to property in Wisconsin as against the attaching creditors of the assignor. Plaintiff had a verdict for $881.50. Defendants moved for a new trial. Being denied, they appeal.

*White & Hewit,* for appellant, cited *Jenks* v. *Ludden,* 34 Minn. 482; *McClure* v. *Campbell,* 71 Wis. 350; *Barnett* v. *Kinney,* 147 U. S. 476.

*W. Hammons* and *Towne & Davis,* for respondent, cited *Dehon* v. *Foster,* 4 Allen 545; *Smith's Appeal,* 104 Pa. St. 381; Burrill Assignments, § 102.

COLLINS, J. It was held *In re Paige & Sexsmith Lumber Co.,* 31 Minn. 136, (16 N. W. Rep. 700,) to be well established, as a general rule, that a voluntary conveyance of personal property, valid by the laws of the place where it is made, passes the title wher-

ever the property may be situated, and that such transfers, upon principles of comity, will be recognized as effectual in other states, when not opposed to public policy or repugnant to their laws, and also that this principle is applicable to the case of voluntary assignments for the benefit of creditors. The rule thus announced covers the facts in the case at bar exactly. Nothing was said in *Jenks* v. *Ludden*, 34 Minn. 482, (27 N. W. Rep. 188,) in conflict with these views.

Order affirmed.

(Opinion published 56 N. W. Rep. 255.)

