GRACE H. MERRIAM v. ROBERT H. MERRIAM.[1]

July 31, 1914.

Nos. 18,895—(292).

**Injunction — divorce action in foreign state.**
· Judgment was entered in a court in Minnesota in favor of the plaintiff,

[1] Reported in 148 N. W. 478.

Note.—The authorities on the general question as to injunction against action or proceeding in foreign jurisdiction are reviewed in notes in 21 L.R.A. 71 and 25 L.R.A.(N.S.) 267.

the wife of the defendant, in an equitable action for separate support. The defendant, having become a resident and citizen of Illinois, brought an action for divorce against the plaintiff in a court of that state. It is *held* that the trial court did not err in denying the plaintiff's application for a temporary injunction restraining defendant from proceeding with his action for divorce in Illinois.

Action in the district court for Ramsey county. From an order, Catlin, J., denying plaintiff's motion for an order requiring defendant to dismiss his action for divorce against plaintiff in the superior court of Cook county, Illinois; denying plaintiff's motion for an order restraining defendant from prosecuting that action in that court; denying plaintiff's motion requiring defendant to pay plaintiff $250 on account of attorney's fees necessarily incurred by her in defending the action in Illinois; denying plaintiff's motion to pay her $250 attorney's fees in the present action, plaintiff appealed. Affirmed.

*B. H. Schriber,* for appellant.

*Stan J. Donnelly* and *Stan Dillon Donnelly,* for respondent.

DIBELL, C.

This action is brought to restrain the defendant from prosecuting an action against the plaintiff for divorce in the superior court of Cook county, Illinois. The plaintiff appeals from an order denying her application for a temporary injunction.

In an action brought by the plaintiff against the defendant in the district court of Ramsey county, Minnesota, for separate support, judgment was entered on April 22, 1913, adjudging in substance that the defendant pay the plaintiff $125 per month, commencing May 10, 1913, so long as plaintiff continued to live separate and apart from her husband. This judgment was entered pursuant to a stipulation of the parties and an order of the court based thereon. It was an equitable action for separate support, not an action for a limited divorce. See Baier v. Baier, 91 Minn. 165, 97 N. W. 671.

The defendant claims that in October, 1912, he established his residence in Chicago, and that he is now a resident and citizen of

Illinois. The evidence on the hearing of the motion was *prima facie* sufficient in proof of residence and citizenship in Illinois. In April, 1914, the defendant commenced an action for divorce in the superior court of Cook county and in that action the plaintiff in this action was served with process and has appeared and answered.

The defendant Robert H. Merriam was personally served in this state with process in the pending action. Without discussing what are the powers of a Minnesota court to restrain the defendant from proceeding with his divorce action in Illinois, it is quite clear that the court committed no error in refusing a temporary injunction. A temporary injunction in a case like this is issued with caution. Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. 534; Freick v. Hinkly, 122 Minn. 24, 141 N. W. 1096, 46 L.R.A.(N.S.) 695, and cases cited.

The courts of Illinois will properly dispose of the litigation and will properly determine whether the plaintiff is in fact a resident and citizen of Illinois and entitled to a divorce there. If the judgment rendered in this court is in issue in the Illinois court, it will be construed properly, and full faith and credit will be given to it under the faith and credit clause of the Federal Constitution.

Order affirmed.