# Robert H. Merriam, Appellant, v. Grace H. Merriam, Appellee.

## Gen. No. 22,443.

1. EQUITY, § 453*—*what is effect of consent decree.* A consent decree has the same force and effect as a decree. *in invitum.*

2. JUDGMENT, § 502*—*when decree in favor of wife in separate maintenance suit is res judicata as to all defenses available to husband.* Where defendant, in husband's suit for divorce for drunkenness, was awarded in a prior suit by her in another State for separate maintenance a decree based upon a stipulation signed by him that she was living apart from him for a cause legally justifying her in so doing, *held* that such decree was *res judicata* as to all defenses which he might have made, whether they were made or not.

3. JUDGMENT, § 579*—*what effect given judgment of foreign court having jurisdiction.* The judgment entered by the court of one State, if it had jurisdiction, has the same effect in another State as in the State where it was rendered, and is conclusive on the merits of the controversy, even if fraud had intervened.

4. JUDGMENT, § 579*—*when decree for separate maintenance is bar to suit for divorce.* A decree for separate maintenance obtained by a wife against her husband in one State is a bar to a suit by him in another State for divorce based upon the same facts.

5. DIVORCE, § 16*—*what constitutes condonation of offense of wife.* Where defendant in a suit for divorce for· drunkenness had left complainant under an agreement in writing that should she refrain for three months from using intoxicating liquors she was to return to and live with him, and she did so refrain for the agreed time and then returned to him, but he refused again to live with her, *held* that her offense was condoned.

6. DIVORCE—*when shown that wife's intemperate habits were induced by husband.* Evidence in a suit by a husband for divorce, *held* sufficient to sustain a finding that complainant's intemperate habits induced defendant's like habits, by example and invitation.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, some topic and section number.

LEROY HACKETT, for appellant.

CHYTRAUS, HEALY & FROST, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal appellant seeks to reverse a decree of the Superior Court of Cook county, dismissing his bill for divorce for want of equity.   On April 15, 1914, complainant filed his bill for divorce charging the defendant with wilful desertion for a period of more than two years from and after April 8, 1912. The defendant answered denying that she had wilfully deserted the complainant and averred that she had left complainant's home on or about May 5, 1912, at his request and against her own wishes, and that he thereafter continuously refused to live with her. The answer further alleged that she had filed her bill for separate maintenance against the complainant in the District Court of Ramsey county, Minnesota, December 31, 1912, charging that she was then living separate and apart from the complainant for a cause legally justifying her in so doing; that the complainant appeared as defendant in that suit, filed his answer, and on the 23rd of April, 1913 a final decree was entered in her favor requiring him to pay her $125 per month as and for her separate maintenance, beginning December, 1912, and that said decree was still in full force and effect.

October 21, 1914, complainant filed an amended bill, charging the defendant with the same desertion set up in the original bill, alleging that he was justified in his refusal to live with her on the ground that she was guilty of excessive use of intoxicating liquors and habitual drunkenness for more than two years prior to April 8, 1912.   The defendant answered setting up the proceedings in the separate maintenance suit in Min-

nesota and denying the excessive use of intoxicating liquors and the charge of habitual drunkenness, and averred that she had wholly refrained from the use of intoxicating liquors since April 10, 1912; and averred that under the Constitution of the United States the complainant was bound by the decree of the Minnesota Court. She further charged the complainant with habitual drunkenness for a period of thirteen years and that he was guilty of laches. Afterwards the complainant amended his bill and averred that he had refrained from filing the bill and setting out the additional facts of his amended bill from a sense of pride and respect for the feelings of the defendant.

The case was tried before the chancellor, who found that even if it be assumed that the defendant was guilty of the excessive use of intoxicating liquors for a period of two years preceding the filing of the bill, complainant was not entitled to the relief prayed, for the reason that the defendant's intemperate habits were induced by the solicitation and invitation of the complainant and that he could not take advantage of his own wrong.

The defendant contends that as section 1, art. IV of the Federal Constitution provides that, "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," the decree in the separate maintenance suit is *res judicata,* and therefore the bill was properly dismissed.

The record discloses that the parties were married in Washington, D. C., August 27, 1902; that they resided as husband and wife in that city for a number of years, and afterwards moved to St. Paul, Minnesota, where they took up their residence with complainant's mother. The evidence tends to show that after April 8, 1912, on account of the excessive use of intoxicating liquors by the defendant, complainant refused to live with her; that a few days thereafter,

the defendant at complainant's solicitation and request and pursuant to an agreement between them left St. Paul for a period of about three months, going to French Lick Springs, Indiana, and Washington, D. C., for the purpose of breaking herself of the habit of drinking; that at the end of said period, in accordance with their agreement, she returned to the mother of the complainant at St. Paul, but he refused to live with her; that afterwards, on December 31, 1912, she filed her bill against him in St. Paul, Minnesota, for separate maintenance, alleging that since November 2, 1912, he without any cause whatever refused to live with her or support her, and that she was without means of support. To this suit he filed his answer, admitting that they were living separate and apart several months prior to the institution of that suit. April 23, 1913, there was filed in that case a written stipulation by the parties. It was there stipulated "that the plaintiff now is, and since the eighth day of April, 1912, has been living apart from her husband for a cause legally justifying her in so doing;" and that a decree might be entered forthwith without further notice requiring the husband to pay the wife $125 per month, together with solicitor's fees and costs. On the same day the court entered a finding and order for judgment. The stipulation was made a part of the finding, and, on examining the files, judgment was entered in favor of the wife and against the husband, requiring the latter to pay her the sums as provided in the stipulation for her support and maintenance, "so long as plaintiff continues to live separate and apart from her husband." The decree followed the finding and order for judgment and provided that the sums therein mentioned be paid by the husband to the wife, "so long as the said cause mentioned in said stipulation exists."

Complainant contends that he should not be barred from prosecuting his suit in this State by reason of

the decree entered by the Minnesota court, for the reason that the issues raised by the pleadings in that suit are not the same as the issues raised by the pleadings in this case; that the decree by the Minnesota court was a compromise settlement, no evidence having been heard by the court, but was entered solely upon the stipulation of the parties; that a decree entered by consent of the parties is not the judgment of the court, and is therefore not *res judicata.*

In support of the proposition that a consent decree is not *res judicata,* the cases of *Wadhams v. Gay,* 73 Ill. 415; *Umlauf v. Umlauf,* 117 Ill. 580; *Wahle v. Wahle,* 71 Ill. 510, are cited. Each of these cases was analyzed and commented upon by the Supreme Court of the United States in the case of *Harding v. Harding,* 198 U. S. 317, where the same contention was made. It was there held that these cases did not support such contention, and that the general rule in Illinois was "that a consent decree has the same force and effect as a decree *in invitum,*" citing *Knobloch v. Mueller,* 123 Ill. 554; *O'Connell v. Chicago Terminal Transfer R. Co.,* 184 Ill. 308. To the same effect is *Healy v. Deering,* 231 Ill. 423, where it was held that a decree entered by consent of the parties is binding upon them and cannot be reversed or impeached by them or set aside by a bill of review or a bill in the nature of a bill of review, except for fraud.

In a suit between the parties to this case, instituted by the wife against the husband in the District Court of Ramsey county, Minnesota, where she sought to enjoin him from prosecuting the suit in this case (127 Minn. 21), it was held that the suit for separate maintenance "was an equitable action for separate support, not an action for a limited divorce," and cited *Baier v. Baier,* 91 Minn. 165. In the latter case it was held that an action for separate maintenance might be maintained independent of an action for divorce; that

it was an equitable action not based on any statute, but based on the powers of a court of chancery; that "a wife who is living separate and apart from her husband for a cause legally justifying her may maintain an equitable action against him for an allowance for her separate support." In that case the husband was permitted to introduce evidence tending to show that his wife was not justified in living separate and apart from him. In the separate maintenance suit in the District Court of Minnesota between the parties to this case, the husband there was entitled to show, if he could, that his wife was not living separate and apart from him for a cause legally justifying her in doing so —he could there have shown that the separation was caused by the excessive use of intoxicating liquors, and thereby defeated that action. But he did not see fit to do so, but on the contrary he admitted in writing that his wife was then living separate and apart from him for reasons legally justifying, and induced the court there to enter a decree in her favor, and he will not here be permitted to stultify himself by saying that his wife was living separate and apart from him by reason of her own fault. It will be seen that in the separate maintenance suit, the question in issue was whether the wife was living separate and apart from her husband for a legal cause, and all defenses which the husband might there have made are *res judicata,* whether they were actually made or not. *Muren Coal & Ice Co. v. Howell,* 217 Ill. 190.

Furthermore, it appears that the desertion and the excessive use of intoxicating liquors that the husband charges his wife with all took place prior to their separation, April 8, 1912, and several months prior to the filing of the separate maintenance suit in Minnesota, and therefore each of these defenses was available to him in that court and, not having been there made, he is now concluded.

Counsel for complainant states in his brief that

while the stipulation filed in that court conceded that the wife was living separate and apart from her husband without her fault, the record in this case shows that they were living separate and apart because the husband felt he was grievously wronged, and for no other reason. But, even if this were true, the judgment entered by a court of one State, if it had jurisdiction, has the same effect in other States as in the State where it was rendered, and is conclusive on the merits of the controversy, even if fraud had intervened. *Forrest v. Fey,* 218 Ill. 165.

Complainant further contends that a decree entered in the separate maintenance suit is not a bar to a later proceeding for absolute divorce between the same parties, citing *Umlauf v. Umlauf, supra.* Complainant in his brief states that "he seeks redress in the amended bill on the *same ground* as in his original bill, namely, desertion—the desertion, however, being for cause— and the charge of drunkenness added in the bill and established by the evidence to show the *cause.*" In other words, that while he refused to longer live with his wife, it amounted to desertion on her part, for the reason that she was guilty of habitual drunkenness, which justified him in refusing to longer live with her. In the *Harding* case, *supra,* it was held that a decree in a maintenance suit entered in a suit brought by the wife against the husband in Illinois was a bar to a suit for divorce brought by him against his wife on the ground of wilful desertion in the court of California. The court there said (p. 329): "The sole ground alleged for granting the divorce was wilful desertion by the wife in the month of February, 1890. The answer of the wife * * * specially pleaded the proceedings and the decree of the Illinois court and the admission of the husband on the record therein as to the separation being without the fault of the wife, all of which, it was asserted, established by the thing adjudged that her living apart was justified and did

Merriam v. Merriam, 207 Ill. App. 474.

not constitute desertion.'' In that case the charge in the bill for separate maintenance averred that the separation took place in February, 1890. The husband in his bill for divorce on the ground of desertion averred that the desertion took place in February, 1890. The court further said (p. 339): ''From the standpoint of a decree in favor of the wife in the suit for separate maintenance the issues raised and determined were absolutely identical.'' In the instant case, it is admitted that the separation took place April 8, 1912; that this was the fact shown in the separate maintenance suit, and also as shown in the instant case. It therefore appears that the wife was claiming that she was living separate and apart without her fault in the separate maintenance suit during the same period of time which the husband is claiming that the desertion took place. The *Harding* case, *supra,* is therefore directly in point.

The defendant contends that even if she was guilty of the excessive use of intoxicating liquors, complainant condoned the offense. The record discloses that after the separation of the parties, April 8, 1912, negotiations were carried on between them through their respective attorneys at St. Paul, whereby the defendant, at the request of the complainant, agreed to leave St. Paul for a period of three months, unless he asked her to return at an earlier date; that she intended to go, to French Lick Springs and Washington, D. C.; that after three months' absence, if in the meantime she refrained from the use of intoxicating liquors, it was understood that she was to return to her husband and they were to continue to live together as husband and wife; that if after returning she again used liquor, he would refuse to live with her. This agreement was reduced to writing. In accordance therewith the defendant left St. Paul, going to Washington, D. C. and other places, and remained absent for more than three months, during all of which time she refrained from

the use of intoxicating liquors. Upon her return to St. Paul, her husband refused to live with her, without any reason other than that which had taken place prior to the separation April 8, 1912. He agreed to reinstate her to her marital rights upon condition, and she performed the condition. We think, therefore, that there was a condonation of the offense by the complainant. Complainant contends that there can be no condonation unless the guilty party is reinstated to all marital rights, and as this was not done in the instant case, there was no condonation. The case of *Anderson v. Anderson,* 89 Neb. 570, is cited in support of this contention. In that case there was an agreement whereby the husband was to go to a sanitarium to be cured of certain ailments, and for this purpose agreed to stay for a certain period. Before the expiration of the time and before he was cured, he returned and again repeated the offenses charged against him. It was there held that there was no condonation. It is obvious that the facts in that case are entirely dissimilar to the facts in the case at bar.

Complainant further contends that the court was in error in refusing to find that he had established that defendant was guilty of wilful desertion, on the ground that the manifest weight of the evidence shows the defendant to be guilty of habitual drunkenness for more than two years prior to the filing of the bill. We have carefully examined the evidence in the record, and are clearly of the opinion that both parties used to excess intoxicating liquors, and after a careful consideration we are unable to say that the finding of the chancellor, that the intemperate habits of the defendant were induced by example and invitation of the complainant, is not sustained by the evidence. The decree of the Superior Court of Cook county is affirmed.

*Affirmed.*