Victoria Umlauf

*v.*

Lewis Umlauf.

*Filed at Ottawa March 27, 1886.*

1. Former adjudication—*whether a bar to a subsequent suit—as to identity of questions involved.* Where an issue of fact is finally determined by a court of competent jurisdiction, its finding and determination are final and conclusive upon the parties and their privies in all subsequent litigation between them in which the same question arises, so long as the judgment remains unreversed or not otherwise set aside.

2. But for the purposes of this rule it is not sufficient that the question arising in subsequent litigation is identical with the one decided, in some respects, only. It must be so in all respects. If there is an element in one of the questions which is not contained in the other, the rule does not apply.

3. SAME—*finding on bill for separate maintenance, whether conclusive upon right to divorce.* A decree dismissing the bill of a married woman for separate maintenance, is not conclusive against her husband's right to a divorce upon the ground of subsequent desertion by the wife. The question whether a woman lived separate and apart from her husband *without her fault*, is not identical with the proposition that she willfully deserted and absented herself from him without any reasonable cause.

4. On December 2, 1880, a wife filed her bill against her husband for a separate maintenance, which, on October 4, 1882, on a hearing, was dismissed: On February 12, 1883, the husband filed his bill against the wife for a divorce, charging her with willful and continuous desertion, "without any reasonable cause," for a period of more than two years from December 2, 1880. On the hearing of the suit for divorce, the court admitted in evidence, against the wife's objection, the pleadings and decree in the prior suit, and also excluded all evidence offered on her part tending to disprove the charge of willful desertion without reasonable cause: *Held,* that the court erred in admitting the record in evidence, and in the exclusion of the other offered evidence.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. FRANCIS LACKNER, and Mr. GEORGE F. BLANKE, for the appellant:

The parol evidence fails to show desertion on the part of the appellant. The intent to desert is the principal matter, and always necessary to be proved. Desertion commences whenever the separation and the intent to desert are added. 2 Bishop on Marriage and Divorce, secs. 674, 784.

The court erred in refusing to allow appellant to state facts to disprove the fact of her willful desertion of appellee, or state the circumstances bringing about the separation. The rejected evidence might have shown that appellee consented to the desertion. If he consented to her separation from him, there was no desertion. 1 Bishop on Marriage and Divorce, secs. 777, 783.

If a deserted husband or wife shuts off the avenues of return against the other, or shows that a return is not desired, this may establish a consent to the separation, so as to bar a divorce. 1 Bishop on Marriage and Divorce, 808; *Taylor* v. *Taylor*, 1 Stew. Ch. (N. J.) 208; *Cornish* v. *Cornish*, 8 C. E. Green, 208; *Bowlby* v. *Bowlby*, 10 id. 409; *Thorpe* v. *Thorpe*, 9 R. I. 57.

The decree on the bill for separate maintenance is not conclusive in this case. It does not follow that because a wife is not without fault, the husband is therefore innocent. *Wahle* v. *Wahle*, 71 Ill. 510.

A judgment or decree is not evidence upon a question which is only collaterally drawn in question. *Wahle* v. *Wahle*, 71 Ill. 510,—citing Freeman on Judgments, sec. 258; *Lea* v. *Lea*, 99 Mass. 493; *Jackson* v. *Wood*, 3 Wend. 27; Broom's Legal Maxims, 231. See, also, *Hesler* v. *Hesler*, Wright, (Ohio,) 210.

The matters to be used as an estoppel must have been within the substance of their issue. Mere evidentiary facts are not usually held conclusive. The same issue must be presented in both suits to make the former adjudication conclusive. *Wahle* v. *Wahle*, 71 Ill. 516; *Russell* v. *Place*, 94 id. 606; Bigelow on Estoppel, 35; *People ex rel.* v. *Johnson*, 38 N. Y. 63; *Dickinson* v. *Hayes*, 31 Conn. 417; 1 Greenleaf on Evidence, sec. 528; 1 Starkie on Evidence, 201; *King* v. *Chase*, 15 N. H. 9; *Smalley* v. *Edey*, 19 Ill. 207.

Mr. Edmund S. Holbrook, for the appellee:

Where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue by a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same or not in both suits. *Ballard* v. *Insur-*

*ance Co.* 81 Ind. 239; *Parks* v. *Cliff,* 9 Lea, 524; *Choteau* v. *Gibson,* 76 Mo. 43; *Hanna* v. *Read,* 102 Ill. 596; *Ruegger* v. *Railroad Co.* 103 id. 449; *Mueller* v. *Henning,* 102 id. 646; *Gage* v. *Bailey,* 102 id. 11; *Roth* v. *Roth,* 104 id. 35; *Rosenmuller* v. *Lampe,* 89 id. 212; *Railroad Co.* v. *Maher,* 91 id. 312; *Noyes* v. *Kern,* 94 id. 521; *Gas Light and Coke Co.* v. *Howell,* 92 id. 19; *Howell* v. *Goodrich,* 69 id. 556; *Gates* v. *Preston,* 41 N. Y. 113; *Prescott* v. *Fisher,* 22 Ill. 155; *Lewis* v. *Lewis,* 106 Mass. 309; *Fera* v. *Fera,* 98 id. 156; Freeman on Judgments, sec. 257; Bigelow on Estoppel, 45; *Slade* v. *Slade,* 58 Me. 157.

If a final decree is against the complainant, and dismisses the bill on its merits, it is conclusive as to the charges therein set forth. Stewart on Marriage and Divorce, sec. 425.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

The appellant, Victoria Umlauf, on the 2d of December, 1880, commenced a proceeding in chancery, in the Superior Court of Cook county, against her husband, Lewis Umlauf, for a "reasonable support and maintenance," she at the time living separate and apart from him. The Superior Court, upon the evidence before it, found the equities with the complainant, and rendered a decree accordingly, which, on the 4th of October, 1881, was reversed, and the bill dismissed, by the Appellate Court for the First District.

On the 12th of February, 1883, Lewis Umlauf filed in the same court a bill against Mrs. Umlauf for a divorce, charging her with willful and continuous desertion, "without any reasonable cause," for a period of more than two years from the 2d day of December, 1880, being the date of the filing of her bill against him for separate maintenance. Upon the hearing of the cause, the Superior Court admitted in evidence, against her objections, the pleadings and decree in the suit for separate maintenance, and also excluded all evidence offered on

her part tending to disprove the charge in the bill that "she willfully deserted and absented herself from her husband without any reasonable cause." The ruling of the court in this respect must have been upon the hypothesis that the issue in both suits is the same, for it is evident it can not be sustained on any other ground. If in fact and in law the issue was the same in both suits, the court's ruling was clearly correct, for no principle is better settled than that where a question proper for judicial determination is directly put in issue, and finally determined in a legal proceeding by a court having competent authority and jurisdiction to hear and determine the same, such decision and determination of the question will be deemed final and conclusive upon the parties and their privies in all future litigation between them in which the same question arises, so long as the judgment remains unreversed or is not otherwise set aside. For the purposes of this rule it is not sufficient that the question arising in subsequent litigation is identical with the one decided, in some respects, only,—it must be so in all respects. If, therefore, there is an element in one of the questions which is not contained in the other, the rule does not apply, for the obvious reason that this additional element may have been the turning point in the previous decision.

The question then recurs, is the proposition that Mrs. Umlauf lived separate and apart from her husband "*without her fault,*" identical with the proposition that "she willfully deserted and absented herself from him without any reasonable cause?" We are of opinion they differ in several essential particulars. The element of *willfulness* contained in the latter proposition is clearly not to be found in the former. Nor do we regard the two expressions, "without fault," and "without reasonable cause," either in a popular or legal sense, as equivalent terms. For illustration, if one enters the house of his neighbor and grossly insults him, and is thereupon ordered to leave, he certainly has cause for doing so; yet it

can not be truthfully affirmed that his being compelled to leave was without his fault. So the wife may have cause, in the misconduct of her husband, for living separate and apart from him; yet if such misconduct has been induced by a failure to perform her duties towards him, her living apart from him could not properly be said to be "without her fault," and hence in such case an action could not be maintained by her for separate maintenance. The statute authorizing actions for separate maintenance was adopted for the exclusive benefit of those whose conduct has not materially contributed to a disruption of the marital relations. If the wife, therefore, in bringing a suit of this kind, is not prepared to show that she is without fault, she will fail to bring herself within the statute, and must necessarily be defeated in her action. But such a defeat does not at all affect her common law rights. The only question it conclusively settles is, that her living apart from her husband was not without her fault. But does the establishment of this fact entitle the husband to a divorce, without regard to his own treatment of her? In the separate maintenance suit, his conduct was involved in a subordinate degree only. It related to but one branch of the case, which she was bound to establish in order to recover, namely, that she had cause for living apart from her husband. But this was not sufficient. She had to go one step further, and show that such living apart from her husband was without fault on her part. For aught that appears the jury may have found against her in that suit solely on the ground she was partly in fault. To demonstrate the unsoundness of the position, suppose a husband and wife mutually drift into a quarrel, and that after the wife has greatly provoked the husband, and offered him many indignities, he turns upon her and cruelly beats and drives her away from his home, telling her if she ever returns he will take her life, and that he never thereafter relents or invites her back; or, to make the case stronger, perhaps, suppose they quarrel,

and mutually agree to live apart, and accordingly do so. Under these circumstances she files a bill against him for a separate maintenance, and of course fails, her suit, as in this case, having been protracted two years. The husband thereupon files a bill against her for a divorce, and relies upon the decree dismissing her bill, as is the case here, to establish his right to a divorce. Would it not be a travesty on legal justice to permit him to succeed, under the circumstances supposed? And yet, in principle, we perceive no difference in the case suggested and the one before us. If, in either of the cases supposed, the husband had first brought his action for divorce, all will concede that on proof of the facts stated he would have been defeated and his bill dismissed. But it would seem, according to the theory of appellee, because the wife happened to bring her suit for separate maintenance first, and was unsuccessful, by some mysterious logic the record of her defeat is converted into incontestible proof of his right to a decree. Suppose appellee had brought his suit for a divorce first, and had been unsuccessful, would the record of the dismissal of his bill have been conclusive evidence of his wife's right to maintain a suit against him for separate maintenance? It certainly would, if the position of appellee is correct.

The question now under consideration is not a new one in this court. In *Wahle* v. *Wahle*, 71 Ill. 510, it was directly presented, though from a different aspect. In that case Wahle sued his wife for a divorce, alleging desertion by her without reasonable cause. Upon answering, the wife filed a cross-bill for separate maintenance, under which she was bound to prove, as is the case here, that her living separate from her husband was without her fault. The court, on the hearing, rendered a decree dismissing the original bill, the jury having found the issues against the complainant, and it was contended by the wife that the record of that decree was conclusive evidence of her right to maintain her cross-bill for maintenance, and in answering this position it was there

said: "Is, then, the record of a judgment finding the issues against a complainant who seeks a divorce on the ground of abandonment, conclusive evidence in favor of the defendant's right to recover maintenance? Does such a record conclusively prove that she is living apart from her husband without her fault? It can not be pretended that the object of the bills and the relief sought is in each case the same. Nor will the same evidence necessarily determine both cases. To sustain the bill for divorce, the proof must show that the abandonment was without the fault of the complainant, that it was willful, and that it was continuous for the period of two years. If, therefore, the abandonment was for less than two years, if it was by mutual consent, or if it was induced by the acts of the complainant, whatever may have been the fault of the defendant, the verdict would necessarily have to be for the defendant. To sustain the bill for maintenance, the proof must show that the complainant lives separate and apart from her husband without her fault. If, therefore, she voluntarily abandoned him, if she was compelled to abandon him on account of her adultery or her wicked conduct, the verdict would necessarily have to be against her. Proof of fault in one is not evidence of correct deportment in the other. Nor does it follow, because one is unable to maintain an action, the other must necessarily be entitled to recover."

All that was said in that case, so far as the present question is concerned, is equally applicable to this. The only difference between them is, that the position of the parties is reversed in this. Here the husband relies on the supposed estoppel; there it was invoked by the wife. The difference is inconsequential. Nor is it material that the matter set up in the two bills for maintenance is not precisely the same, for, as already shown, in all such cases the complainant must not only show cause for living separate from her husband, but also that she is "*without fault.*"

It follows from what we have said, the Superior Court erred in holding that the record of the proceedings in the former case conclusively establishes the charge of willful desertion without cause in this, and also in not permitting appellant to prove appellee's conduct prior to and subsequent to the separation.

The judgments of the Appellate and Superior Courts will be reversed, and the cause remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

CRAIG and SHELDON, JJ., dissenting.