SAMUEL H. LEATHE

*v.*

EDWARD L. THOMAS.

*Opinion filed June 23, 1905—Rehearing denied December 13, 1905.*

1. TRIAL—*objection that judgment exceeds ad damnum must be made below.* An objection that the amount of the judgment exceeds the *ad damnum* of the pleadings cannot be considered on appeal when not made in the trial court.

2. CONFLICT OF LAWS—*law of forum controls character of set-off.* The law of the State where an action is brought controls as to what character of set-off, if any, may be pleaded.

3. SAME—*courts do not take judicial notice of foreign statutes.* Statute law of foreign States must be shown by the evidence, as the courts of this State do not take judicial notice thereof.

4. SET-OFF—*demand on simple contract may be set off against judgment.* Demands upon simple contracts may be set off against demands upon judgments, whether they be judgments of the courts of this State or of foreign States.

5. APPEALS AND ERRORS—*when judgment should not be reversed.* A judgment for the defendant should not be reversed for a failure to prove one or more of the causes of action set up in his pleas of set-off if others so set up are proven.

6. SAME—*finding of referee is equal to the finding of a jury.* A finding of facts by a referee is entitled to the same weight as the verdict of a jury, and the judgment of the Appellate Court on such finding is conclusive on the Supreme Court as to questions of fact.

HAND, J., and CARTWRIGHT, C. J., dissenting.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

The plaintiff in error brought suit in the circuit court of St. Clair county against the defendant in error upon two judgments, aggregating the sum of $3202.38, rendered in his favor by the circuit court of the city of St. Louis, State of Missouri, against the defendant in error. The defendant in error did not contest the validity of the judgments, but filed a set-off and sought judgment against plaintiff in error. The case, by agreement, was referred to a referee to take proofs and report his conclusions as to the facts and the law. The referee filed a report, upon which the court, after overruling exceptions thereto, rendered judgment in favor of the defendant in error for $71,326.37, which judgment has been affirmed by the Appellate Court for the Fourth District, and the plaintiff in error has sued out a writ of error from this court.

The facts out of which the alleged set-off of defendant in error arose are, in brief, as follows: The defendant in error, in connection with one William A. Adams, was engaged in constructing a railroad between Belleville and East St. Louis, the corporate name of which was the Belleville and St. Louis Railway Company. Adams died in 1891, at which time it was claimed he had invested in the enterprise $23,000 and the defendant in error $50,000. The defendant in error, upon the death of Adams, applied to the plaintiff in error for financial assistance to complete the road. After some preliminary negotiations, on January 24, 1893, an agreement in writing was entered into between the plaintiff in error, the defendant in error, Bart S. Adams, a son of William A. Adams and the representative of the Adams estate, and Lucien M. Chipley, who had become interested in the construction of the road, which agreement was as follows:.

"St. Louis, *January 24, 1893.*

"It is agreed that we will transfer to Samuel H. Leathe $255,000 of the stock of the Belleville and St. Louis Railway Company and to Lucien M. Chipley $78,300 of said stock, said Samuel H. Leathe and Lucien M. Chipley to put up funds to carry on said enterprise and to negotiate and sell $500,000 five per cent bonds of said company, the present bonds, $150,000, to be placed in the hands of Samuel H. Leathe to hold until other bonds are issued, he to advance the amount necessary to take up four bonds now held by Mrs. Johnson, $2000, with interest, and Third National Bank, $750, with interest, in St. Louis. Same proportion of stock to be maintained in coal or other companies organized to carry out the project, as per letter of January 12, 1893, to S. H. Leathe by Edward L. Thomas. Edward L. Thomas to have $104,000 of stock, Bart S. Adams $50,000 and John T. Taylor $12,700, each party to receive back amounts advanced to the enterprise as soon as bonds are sold. Said Thomas and Adams to receive amounts as per statement rendered and said Leathe to receive amount to be advanced by him, and balance to go into the treasury of the railway company. First proceeds of bonds to be applied to payments of amounts advanced by said Leathe until satisfied.

"Dated January 24, 1893.

EDWARD L. THOMAS,
BART S. ADAMS,
SAMUEL H. LEATHE,
LUCIEN M. CHIPLEY.

"In consideration of the above agreement, I agree to leave in the hands of Mr. Leathe all sums coming to me as a guarantee of the statements made in my letter of January 12, 1893, and as security, to hold until all matters are fully arranged and paid for which I am responsible, as per said letter and statement rendered.

EDWARD L. THOMAS."

Immediately after the execution of said agreement plaintiff in error commenced the construction of said road. In March, 1893, it was determined by the parties in interest to abandon the charter under which the defendant in error had commenced the construction of said road, and thereafter to operate under a charter authorizing the construction and operation of a railroad between Belleville and East St. Louis, known as the Belleville City Railway Company, granted

prior to the adoption of the constitution of 1870, which was controlled by Charles W. Thomas, a brother of the defendant in error. On the 25th day of March, 1893, a meeting was held by the parties who owned and controlled the stock in the Belleville and St. Louis Railway Company and the Belleville City Railway Company, and the assets of the Belleville and St. Louis Railway Company were transferred to plaintiff in error by deed, which recited a consideration of one dollar and "other valuable considerations to it from him moving," and the plaintiff in error immediately transferred to the Belleville City Railway Company said assets, and the capital stock of said Belleville City Railway Company was issued, share for share, to the parties who had before that time held the stock of the Belleville and St. Louis Railway Company. The railroad was completed, and on November 8, 1895, the Belleville City Railway Company and the Crown Coal and Tow Company, the stock of which was owned and controlled by the parties who owned and controlled the stock of the Belleville City Railway Company, were sold and transferred to Elbert H. Gary, who represented certain undisclosed principals, for the sum of $500,-000, which amount was divided among the shareholders of said railway company and coal company in proportion to their holdings of stock in said corporations.

In the year 1893 the defendant in error brought suit against the Belleville and St. Louis Railway Company to recover for moneys advanced by him for the use of said company prior to the death of Adams. The plaintiff in error was notified of the commencement of said suit and that he could defend in the name of the company if he saw fit. He employed counsel and in the name of the company defended against the claim of the defendant in error. He also filed a bill in chancery in the name of himself, the Belleville and St. Louis Railway Company and the Belleville City Railway Company to enjoin the prosecution of said suit. The cases were tried together before the court, without a jury. The

bill was dismissed for want of equity, and on December 21, 1893, judgment for $53,022.23 was rendered against the company in favor of defendant in error. Thereafter suit was brought in the circuit court of St. Clair county by the defendant in error, in the name of the Belleville City Railway Company for the use of Edward L. Thomas, against plaintiff in error, to recover the amount of said indebtedness, on the ground that at the time of the transfer of the assets of the Belleville and St. Louis Railway Company to plaintiff in error he agreed to pay the debts of said company, including its debt to defendant in error. The case was removed to the United States Circuit Court for the Southern District of Illinois, where, upon a trial before the court without a jury, a judgment was rendered in favor of the plaintiff in error, which judgment was affirmed by the United States Circuit Court of Appeals. The claim sought to be offset in this suit and upon which judgment was rendered in favor of the defendant in error is the indebtedness of the Belleville and St. Louis Railway Company to defendant in error, and which it is claimed was, in part, the "other valuable considerations to it from him moving," specified in the deed from the Belleville and St. Louis Railway Company to the plaintiff in error, and which claim, it is said, the plaintiff in error assumed and agreed to pay.

The basis of computation of the referee and the amount for which he recommended judgment in favor of the defendant in error were as follows, as appears from his report:

Defendant's judgment, December 21, 1893.................$53,022.23
Interest to January 11, 1902, 8 years and 20 days, 5 per cent.  21,356.17
                                                          ————————  $74,378.40
                    DEDUCT PLAINTIFF'S JUDGMENTS.
Judgment March 5, 1896.....................................$2,278.63
Interest on $337.27, 8 per cent, 5 years, 10 months, 6 days....   157.83
Interest on $1941.36, 6 per cent, 5 years, 10 months, 6 days...   681.40
Judgment January 5, 1897...................................   923.75
Interest, 6 per cent, 5 years and 6 days...................   278.04
                                                          ————————   4,319.65
   Balance........  .............  ...................................  $70,058.75

To this amount was added interest on the amount found due February 14, 1902, to June 30, 1902, making the amount for which judgment was rendered $71,326.37.

GUSTAVUS A. KOERNER, B. H. CANBY, and VICTOR KOERNER, for plaintiff in error.

DILL & WILDERMAN, for defendant in error.

Per CURIAM: It is first contended that the judgment exceeds the *ad damnum* of the pleas upon which judgment was rendered in favor of the defendant in error. The attention of the trial court was not challenged, by exception or otherwise, to the fact that the amount found by the referee to be due the defendant in error, and for which amount he recommended that defendant in error have judgment, exceeded the amount of the *ad damnum* of the pleas. Had the court's attention been called to that fact the pleas could readily have been amended and the error avoided. In *Butler* v. *Cornell*, 148 Ill. 276, it is said that an objection to the report of a referee, not made in the trial court by exception, which might have been obviated by amendment, will not be considered on appeal or writ of error. In *Metropolitan Accident Ass.* v. *Froiland*, 161 Ill. 30, *Prairie State Loan and Building Ass.* v. *Gorrie*, 167 id. 414, and *Wheatley, Buck & Co.* v. *Chicago Trust and Savings Bank*, id. 480, it was held that an objection that the judgment exceeds the amount of the *ad damnum* of the declaration cannot be raised for the first time on appeal. In *Wheatley, Buck & Co.* v. *Chicago Trust and Savings Bank, supra,* the point was made that the judgment exceeded the *ad damnum* laid in the declaration. The court, on page 484, said: "This, indeed, was error. But the error can not now be taken advantage of. The objection must be considered as waived by reason of its not having been made in the trial court. Had that court's attention been called to the matter the objection could readily have been obviated. (*Metropolitan Accident Ass.* v. *Froiland*, 161 Ill. 30; *Utter* v. *Jaffray*, 114 id. 470.) Counsel, on the contrary, made no mention of the error in either the motion for a new trial or the motion in arrest of judgment." By reason of the failure

of the plaintiff in error to raise the question in the trial court, the objection was waived and cannot now be taken advantage of in this court.

It is next contended that the pleas of set-off presented no defense to the action and that the court had no jurisdiction to entertain them, and it is urged that the court, by rendering judgment thereon in favor of the defendant in error, violated section 1 of article 4 of the constitution of the United States, which provides, "full faith and credit shall be given, in each State, to the public acts, records and judicial proceedings of every other State," as it is said a set-off against a judgment is not permitted by the laws of the State of Missouri. The validity of the judgments rendered in favor of plaintiff in error by the Missouri court, and upon which suit was brought, was not attacked, but full faith and credit were given thereto. Under the statute of this State, (Hurd's Stat. 1903, chap. 110, sec. 19,) demands upon simple contracts may be set off against demands upon judgments, which statute includes a judgment rendered by a court of the State of Missouri as well as a judgment rendered by a court in this State. It has uniformly been held that each of the States of the Union may pass a law limiting the time within which an action may be brought in said State upon a judgment rendered in a court of another State, without thereby depriving the judgment of the full faith and credit which it is entitled to under the constitution of the United States. This holding is based upon the ground that a statute of limitations affects only the remedy, and that a limitation law is a law of the forum, and must control. (*Metcalf* v. *City of Watertown,* 153 U. S. 671.) It is also held that a plea of set-off is a plea to the remedy. (*Mineral Point Railroad Co.* v. *Barron,* 83 Ill. 365; *Davis* v. *Morton,* 5 Bush. 160; 96 Am. Dec. 345; *Second Nat. Bank of Cincinnati* v. *Hemingray,* 31 Ohio St. 168.) That being true, the statute of the State wherein the action is brought controls as to what character of set-off, if any, may be pleaded. When, therefore, suit is brought upon

a judgment of another State in the courts of this State, as the statute of this State permits demands upon simple contracts to be offset against judgments, the statute of this State will control. Furthermore, the statute of the State of Missouri upon the subject of set-off was not in evidence, and the courts of this State without proof will not take judicial notice thereof. In *Chicago and Alton Railroad Co.* v. *Wiggins Ferry Co.* 119 U. S. 615, it was said: "Whenever it becomes necessary, under this requirement of the constitution, (art. 4, sec. 1,) for a court of one State, in order to give faith and credit to a public act of another State, to ascertain what effect it has in that State, the law of that State must be proved as a fact. No court of a State is charged with knowledge of the laws of another State, but such laws are in that court matters of fact, which, like other facts, must be proved before they can be acted upon. This court, and the other courts of the United States when exercising their original jurisdiction, take notice, without proof, of the laws of the several States of the United States; but in this court, when acting under its appellate jurisdiction, whatever was matter of fact in the court whose judgment or decree is under review is matter of fact here. This was expressly decided in *Hanley* v. *Donoghue,* 116 U. S. 1, in respect to the faith and credit to be given by the courts of one State to the judgments of another State, and it is equally applicable to the faith and credit due in one State to the public acts of another."

A third ground of reversal urged is, that the liability of plaintiff in error to pay the defendant in error the debt due him by the Belleville and St. Louis Railway Company was determined in favor of plaintiff in error in the suit brought by said company, for the use of defendant in error, against plaintiff in error, in the circuit court of St. Clair county, and removed by the latter to the United States Circuit Court and judgment there rendered in his favor, which judgment was affirmed by the Circuit Court of Appeals, and therefore that question is in this suit *res judicata.* The exception to the

referee's report which is claimed to raise this question is the fifth, as follows: "The referee failed to find that the claim made that Leathe absolutely promised to pay the debts of the Belleville and St. Louis Railway Company had been adjudicated in favor of said Leathe and against said Thomas, as shown by the evidence." The only error assigned in the Appellate Court which can be said to present for decision the ruling of the court on that exception is the general assignment of error: "The court erred in overruling exceptions of appellant to the report of the referee."

While the exception and assignment of error are entirely too general to properly raise the question of former adjudication insisted upon in the argument if the objection had been aptly made, the Appellate Court considered and decided that question. In the original argument in this court the defendant in error did not urge the point, and in passing upon the foregoing alleged error we reached the conclusion that, as applied to the third and fourth pleas, the circuit court erred in overruling the exception, and the argument on that branch of the case being mainly directed to those pleas, we reversed the judgments of the circuit and Appellate Courts and remanded the cause, inadvertently overlooking the issues made on the first and second pleas. As already shown, the first plea was the common counts in assumpsit, and the second was a special plea or count setting up facts showing that the plaintiff below was indebted to the defendant upon a certain contract between them and other parties which had no relevancy whatever to the alleged promise of the plaintiff to pay the debts of the Belleville and St. Louis Railway Company. The agreement set up in the second count bears date January 24, 1893, and was executed by Edward L. Thomas, Samuel H. Leathe, Bart S. Adams and Lucien M. Chipley, by which the other parties agreed to transfer to Samuel H. Leathe $255,000 of the stock of the Belleville and St. Louis Railway Company and to Lucien M. Chipley $78,300 of said stock, they to furnish funds to carry on the construction of

the railway and to negotiate and sell $500,000 of five per cent bonds of said company. The plea then shows that in pursuance of and in carrying out the objects and purposes of that agreement certain things were done by the parties and by said railway company, and concludes with the averment that the plaintiff sold said bonds in said contract mentioned for the sum of $500,000, which said sum he then and there received; that the plaintiff expended in building said railway under said contract the sum of $300,000; that there was, at the time of making said contract, due defendant a large sum of money, to-wit, the sum of $65,000, which was to be paid said defendant as in said contract specified; that said plaintiff, after receiving said sum so expended by him under said contract and agreement, had remaining in his hands, and still has, as the proceeds of the sale of said bonds, a large sum of money, to-wit, $200,000, out of which, by the terms of said contract, said sum so due said defendant, as aforesaid, was due and payable, by means whereof plaintiff became liable to pay to said defendant said sum of $65,000, which said sum of money so due from the plaintiff to the defendant, as aforesaid, exceeds the damages sustained by the plaintiff by reason of the non-payment by the defendant of the said several judgments in said declaration mentioned, and out of which said sum of money the defendant is ready and willing, and hereby offers, to set off and allow to the plaintiff, etc.

The sufficiency of this and the preceding plea is in no way questioned as presenting subsisting causes of action, and it is not denied that a general judgment on the whole evidence is unaffected by the failure to sustain any other count. Our Practice act expressly provides that no judgment shall be reversed on the ground of a defective count if there remains a sufficient one to sustain the verdict, and it would seem to follow that no judgment should be reversed for a failure to prove one or more causes of action where others have been proven. The findings of the circuit and Appellate

Courts are conclusive in this case that the evidence sustained the first and second counts of the declaration. In fact, it is not claimed that there was an absence of evidence fairly tending to prove the allegations of the first and second pleas.

We have held that the finding of the referee is entitled to the same weight and credit as the verdict of a jury, and that the judgment of the Appellate Court, on appeal from that of the trial court, on his finding is final as to the questions of fact. (*Story* v. *DeArmond,* 179 Ill. 510; *Butler* v. *Cornell,* 148 id. 276.) We have carefully examined the exceptions filed to the referee's report, and find no one of them which can be applied to the issues under the first and second pleas.

It is insisted on behalf of plaintiff in error that these issues were ignored upon the trial; that the real question decided arose on the third and fourth pleas, and that the referee based his conclusions upon the findings of fact; that the plaintiff in error agreed, as a consideration for the conveyance to him, to pay the debts of the railway company. There is a volume of evidence in the record, not abstracted, on the issues made on the second plea. There is also sufficient testimony shown by the record and abstract to authorize a recovery under the first plea, independent of the judgment of December 21, 1893. The finding of the referee is not based on any particular plea. That finding, and the judgment thereon, are as well supported by the first as by either the third or fourth plea. While the referee made the judgment for $53,022.23 in favor of the defendant the basis of his finding as to the amount due him, that fact does not prove that such judgment was the only evidence in the record upon which it could have been based. We have no means of determining on this record that the first and second pleas were not treated as presenting substantial issues in the case. The judgment of the Circuit Court of the United States, affirmed by the Circuit Court of Appeals, cannot affect the right of recovery under the first and second pleas, and evidently

counsel for plaintiff in error so understood, the replication being general as to them, and the prior adjudication only applied to the third and fourth pleas by replication. We think, therefore, that the judgment of the Appellate Court must be affirmed without reference to the third and fourth. In fact, counsel for plaintiff in error virtually concede that the cause of action set up in the second count is not barred by any former adjudication. They say: "It may be that Thomas has a right to an accounting under the contract of January 24, 1893, set up by him in his second plea of set-off. So far as the opinion of this court may be construed to deprive Thomas of this right we concede the opinion should be modified."

The question of damages is one of fact to be determined from the evidence, not reviewable in this court.

Our conclusion is that the judgment of the Appellate Court must be affirmed.          *Judgment affirmed.*

HAND, J., and CARTWRIGHT, C. J., dissenting:

In this case the defendant in error filed four pleas of set-off. The first consisted of the common counts for money had and received, interest and an account stated. The second was based on the agreement of January 24, 1893, set out in full in the statement preceding the majority opinion. The third is based on the consideration for the conveyance to plaintiff in error made March 25, 1893, by the Belleville and St. Louis Railway Company, of certain property, etc., named in its deed, for one dollar and "other valuable considerations," which other valuable considerations, it was averred, included the promise of plaintiff in error to pay the defendant in error the debt due him from said company, and it was alleged that at the September term, 1893, of the St. Clair county circuit court, defendant in error brought suit against said company for the amount so due him; that the company notified plaintiff in error to defend, and that he employed

218  17

counsel and defended the suit, and that the defendant in error recovered judgment for $53,022.23, which judgment is still in full force and effect. It also sets up plaintiff in error's efforts to enjoin the prosecution of said suit, the issues presented, the full hearing by the court and the dismissal of the bill. The fourth plea was as follows:

"*Fourth plea*—And for further plea in this behalf, defendant says that the said plaintiff was, before and at the time of the commencement of this suit and is still, indebted to him, the defendant, in a large sum, to-wit, the sum of $65,000, upon a contract theretofore entered into by said plaintiff and the Belleville and St. Louis Railway Company for the benefit of the defendant; and defendant avers that on, to-wit, the 25th day of March, 1893, said Belleville and St. Louis Railway Company executed and delivered to said plaintiff a deed as follows, that is to say:

" 'The grantor, the Belleville and St. Louis Railway Company, a corporation of the State of Illinois, in consideration of one dollar to it in hand paid by Samuel H. Leathe, of the city of St. Louis, Missouri, and of other valuable considerations to it from him moving, hereby grants, bargains and sells, conveys and confirms unto the said Samuel H. Leathe all the following described lands, situated in the county of St. Clair and State of Illinois: All that tract of land conveyed by the St. Louis, Alton and Terre Haute Railroad Company to the said grantor by deed dated December 12, 1890, and recorded herewith, reference being made to said deed for a more particular description thereof; also all the rights of way, easements, grading and superstructure thereon, acquired by or for the grantor for the purpose of building a railroad between Belleville and East St. Louis. And the grantor covenants and agrees to and with the said Leathe, that it will, upon demand, convey, by good and proper deed of conveyance, to said Leathe and his assigns, any land, easements and right of way, privileges or immunities, it may hereafter acquire.

" 'Dated this 25th day of March, A. D. 1893.

(Seal.)        THE BELLEVILLE AND ST. LOUIS RAILWAY CO.,
                        By Edward L. Thomas, *President.*

Attest: Henry M. Needles, *Secretary.*

" 'We, the undersigned, being all the stockholders of the Belleville and St. Louis Railway Company, hereby ratify and confirm the foregoing deed.

BART S. ADAMS,
HENRY M. NEEDLES,
JOHN T. TAYLOR,
A. BOLING,
EDWARD L. THOMAS,
JOSEPHINE JOHNSON,
By Edward L. Thomas, Proxy.'

" 'STATE OF ILLINOIS, } ss.
*St. Clair County.* }

" 'Before me, A. F. Miller, a notary public in and for said county, this day appeared Edward L. Thomas and Henry M. Needles, personally known to me to be the persons whose names are subscribed to the foregoing instrument, and who, being by me duly sworn, upon oath state that said Thomas signed the name of the Belleville and St. Louis Railway Company to the said instrument for the uses and purposes therein set forth, as president of said company; that he is president of said company, and executed said deed as president by order of the stockholders of said company, whose names are subscribed thereto also; that said Needles is secretary of said company, and that he attached the seal of said company to said instrument by direction of said stockholders.

" 'In witness whereof I have hereunto set my hand and notarial seal this 25th day of March, A. D. 1893.

A. F. MILLER, *Notary Public.*
Filed March 25, 1893, at 2:27 o'clock P. M.'

"And defendant avers that said deed was then and there accepted by said plaintiff; and defendant further avers that the property described in said deed was at the time of the executing and delivering of the same to plaintiff, as aforesaid, of great value, to-wit, of the value of $100,000; and defendant avers that said Belleville and St. Louis Railway Company was at the time of the making, executing and delivering of said deed and the acceptance thereof, indebted to divers persons in large sums of money, to-wit, in sums aggregating the sum of $90,000; and defendant avers that part of the indebtedness of said railway company was its indebtedness to this defendant, in the sum of, to-wit, $65,-

ooo; and defendant avers that at the time of the making,. executing, delivering and accepting of said deed to and by said plaintiff, said plaintiff had notice of said indebtedness of said railway company and he had full knowledge of the amount thereof; and defendant avers that the consideration in said deed moving from said plaintiff to said railway company, was the agreement and promise of the said plaintiff, then and there entered into and made with the said railway company, that said plaintiff, as the consideration and payment for the property thereby to him conveyed, would pay and satisfy the said indebtedness of the said railway company to said divers parties, among whom was this defendant, and that said plaintiff, in consideration thereof, agreed and promised to pay to said defendant, within a reasonable time thereafter to elapse, the said indebtedness of said railway company to this defendant, amounting to said sum of, to-wit, $65,000, which time has long since elapsed and the plaintiff has not paid said sum nor any part thereof to the defendant, by means whereof the plaintiff has become liable to pay to said defendant said sum of money, to-wit, $65,000, which sum of money so due from the plaintiff to the defendant, aforesaid, exceeds the damages sustained by the plaintiff by reason of the non-payment by the defendant of the said several judgments in the said declaration mentioned, and out of which said sum of money the defendant is ready and willing, and hereby offers, to set off and allow to the plaintiff the full amount of the damages; and this the defendant is ready to verify, wherefore he prays judgment," etc.

Demurrers were overruled to said pleas, whereupon the plaintiff in error filed a general replication thereto, and a special replication to the third and fourth pleas, which was, in part, as follows: "The plaintiff says that the defendant heretofore impleaded him, the plaintiff, in an action in assumpsit begun in the name of the Belleville and St. Louis Railway Company, for the use of Edward L. Thomas, in the circuit court of St. Clair county, Illinois, to the April

term, A. D. 1894, in a plea of trespass on the case on promises, to the damage of the plaintiff of $60,000, for not performing the very same promises in said third and fourth pleas of set-off mentioned, and such proceedings were thereupon had that at the same term of said court said cause was removed to the Circuit Court of the United States for the Southern District of Illinois, and afterwards, in said court last named, which had jurisdiction of the persons and the subject matter, such proceedings were had that by the consideration of said court the issues were found for the defendant in said cause, (the plaintiff herein,) and that the said plaintiff herein recovered his costs by him in defense of said cause expended." To the replication *nul tiel* record was pleaded.

The declaration in the case of the Belleville and St. Louis Railway Company for the use of Edward L. Thomas, against the plaintiff in error, tried in the United States Circuit Court, originally contained three counts. The first count was dismissed and the case tried upon the second and third counts of the declaration, which were, in substance, as follows:

"*Second count*—And whereas, also, the defendant, on the 25th day of March, 1893, at the county of St. Clair, aforesaid, being then and there the owner of a large tract of valuable real estate, conveyed the same, by deed of that date, duly executed and acknowledged and delivered, to Samuel H. Leathe, the defendant, for a consideration of one dollar and other valuable considerations moving from him, the said Samuel H. Leathe, defendant, to it, the said Belleville and St. Louis Railway Company, plaintiff; and plaintiff avers that the said defendant then and there accepted said deed; and plaintiff further avers that the other valuable consideration moving from said defendant to said plaintiff was the promise and agreement of said defendant then and there made in consideration of said deed and as payment of the purchase money of the property conveyed by said deed, that he, the defendant, would then and there satisfy and pay the indebt-

edness of the plaintiff then and there existing and due from the plaintiff to divers parties; and plaintiff further avers that it was then and there indebted to Edward L. Thomas in a large sum of money, to-wit, in the sum of $60,000, of which the defendant then and there had full notice; and plaintiff further avers that the said indebtedness of the plaintiff to Edward L. Thomas was part of the indebtedness of plaintiff then and there promised and agreed to be paid by said defendant as part of the consideration of said deed; and the plaintiff further avers that at the September term, 1893, of the circuit court in and for said county of St. Clair and State of Illinois, a court having full jurisdiction over such matters, the said Edward L. Thomas commenced an action against the said Belleville and St. Louis Railway Company to recover said amount due him; and plaintiff further avers that it caused the said defendant to be notified of the pendency of said suit, and authorized the said defendant to use its said name in defending said suit; and plaintiff further avers that said defendant, in pursuance of said notice, employed counsel and filed pleas and entered into and upon the defense of said cause; and plaintiff further avers that the issue in said cause was whether the amount claimed by said Thomas was then due and payable to him, the said Edward L. Thomas; and plaintiff further avers that after trial of the said cause, upon evidence introduced by said defendant as well as by said Edward L. Thomas, the said court rendered judgment on said cause for said Thomas in the sum of $53,022.23, which said judgment is in full force and effect, and which the plaintiff is ready to show by the record thereof, here now shown in court; and plaintiff avers that such judgment has not been paid, but remains still due and unpaid and in full force and effect; and plaintiff avers that afterwards, to-wit, on the day and year aforesaid, said defendant, in consideration thereof, promised the plaintiff to pay it the said amount of said judgment, according to its legal tenor and effect, for the use aforesaid, when thereunto afterwards requested.

"*Third count*—And whereas, also, the plaintiff, on the 25th day of March, 1893, at the county of St. Clair, aforesaid, being then and there the owner of a large tract of valuable land, conveyed the same by deed of that date, duly executed and acknowledged and delivered, to Samuel H. Leathe, the defendant, for and in consideration of one dollar and other valuable considerations moving from him, the said Samuel H. Leathe, defendant, to it, the said Belleville and St. Louis Railway Company, plaintiff; and the plaintiff avers that the other valuable considerations moving from said defendant to said plaintiff were the promise and agreement of said defendant then and there made in consideration of said deed and as payment of the purchase money of the property conveyed by said deed, that he, the defendant, would then and there satisfy and pay the indebtedness of the plaintiff then and there existing and due from the plaintiff to divers parties; and the plaintiff further avers that it was then and there indebted to Edward L. Thomas in a large sum of money, to-wit, in the sum of $60,000, of which the defendant then and there had full notice; and plaintiff further avers that the said indebtedness of the plaintiff to Edward L. Thomas was part of the indebtedness of plaintiff then and there promised to be paid by said defendant as part of the consideration of said deed; and plaintiff further avers that at the September term, 1893, of the circuit court in and for said county of St. Clair and State of Illinois, and the court having full jurisdiction over such matters, the said Edward L. Thomas commenced action against the Belleville and St. Louis Railway Company to recover said amount due him; and plaintiff further avers that it caused the said defendant to be notified of the pendency of the said suit, and authorized the said defendant to use its said name in defending said suit; and plaintiff further avers that the defendant, in pursuance of said notice, employed counsel and filed pleas and entered into and upon the defense of said cause; and plaintiff further avers that the issue of said cause was as to

whether the amount claimed by said Thomas was then due and payable to him, the said Thomas; and plaintiff further avers that after the trial of said cause, upon evidence introduced by the said defendant as well as by said Edward L. Thomas, the said court rendered judgment on said cause for said Thomas in the sum of $53,022.23, which said judgment is in full force and effect and which plaintiff is ready to show by the record thereof, here now shown in court; and plaintiff avers that said judgment has not been paid, but remains still due and unpaid and in full force and effect; and plaintiff further avers that before the trial of the said cause, and while the same was standing for trial, the said defendant, in his name and in the name of the Belleville and St. Louis Railway Company and the Belleville City Railway Company, filed in said court a bill for injunction against the said Edward L. Thomas, to enjoin him from proceeding with said cause and from recovering a judgment against the said Belleville and St. Louis Railway Company on said indebtedness; that among other things, one of the issues made by said bill, and answer thereto, was as to whether the amount claimed by said Thomas from said Belleville and St. Louis Railway Company was then due and payable, and whether said defendant had assumed, by reason of said deed and as a consideration therefor, the payments of the debts of the said Belleville and St. Louis Railway Company, of which the amount claimed by said Thomas was one; that upon said issue a full hearing was had, and it was then and there fully adjudicated and said injunction was denied and said bill dismissed, and thereupon said judgment was rendered in said suit brought by the said Thomas against the Belleville and St. Louis Railway for said sum of $53,022.23 and costs of suit; and plaintiff avers that it was then and there fully determined and adjudicated by said court that said sum was due and payable to the said Thomas, and that the said defendant had assumed the payment of said indebtedness of said Belleville and St. Louis Railway Company in consider-

ation of the conveyance to him of said property by said deed, as aforesaid, and that the court determined and adjudicated the same upon the voluntary coming into said court by the said defendant and asking by said bill an adjudication thereof, all of which the plaintiff here now shows to the court by the record and proceedings and judgment and decree of said court in said cause, here now presented to the court; and plaintiff avers that afterwards, to-wit, on the day and year aforesaid, at the county aforesaid, said defendant, in consideration thereof, promised the plaintiff to pay it the said amount of said judgment according to its legal tenor and effect, for the use aforesaid, when thereunto afterwards requested, and although often requested, defendant has not paid said several sums of money, or any or either of them, or any part thereof, to plaintiff for the use aforesaid, but to do so has hitherto and still doth refuse, to the damage of the plaintiff, for the use aforesaid, of $60,000, wherefore it brings suit," etc.

The defendant pleaded the general issue and a jury was waived and the case was tried by the court. The plaintiff introduced the record in the action at law in the St. Clair county circuit court wherein Edward L. Thomas was plaintiff and the Belleville and St. Louis Railway Company was defendant, in which action the plaintiff recovered judgment against the defendant for $53,022.23, and proved that the plaintiff in error was given notice to defend, and that he did defend in the name of the railroad company; also the record in the chancery suit wherein the plaintiff in error, the Belleville and St. Louis Railway Company and the Belleville City Railway Company were complainants and the defendant in error was defendant, in which suit the evidence was preserved in the decree, and rested. The defendant introduced no evidence, but at the close of the plaintiff's evidence moved the court to exclude the evidence and render judgment for the defendant. The court took the case under advisement, and thereafter sustained said motion to exclude the evidence and

rendered judgment for the defendant and against the plaintiff for costs, which judgment, upon writ of error, was affirmed by the United States Circuit Court of Appeals.

No evidence was introduced to sustain either the first or second plea filed by the defendant in error, and the recovery was had under the third and fourth pleas, as clearly appears from the report of the referee referred to in the majority opinion. If the judgments of the circuit and Appellate Courts can be sustained, they must be sustained under the third and fourth pleas, to which a replication of *res judicata* was interposed, and which replication, if good, is a bar to a recovery under the third and fourth pleas and defeats the defendant in error's set-off.

We think it clear if the defendant in error had recovered a judgment in the United States Circuit Court against the plaintiff in error upon the case made there, and that judgment had been satisfied, it would be a bar to a recovery upon the cause of action set up in the third and fourth pleas of set-off filed in this case, as it is evident from the declaration filed in the case of the Belleville and St. Louis Railway Company, for the use of Edward L. Thomas, against Samuel H. Leathe, and the third and fourth pleas of set-off filed in this case, that the defendant in error in each case was attempting to recover judgment against the plaintiff in error for the same demand, viz., the debt of the Belleville and St. Louis Railway Company to the defendant in error, which it was averred the plaintiff in error had agreed to pay. The defendant in error failed in the case in the United States Circuit Court by reason of the fact that he did not prove that the plaintiff in error had agreed to pay said debt. In that suit the defendant in error relied upon the record in the action at law brought by him against the Belleville and St. Louis Railway Company and the record in the chancery suit brought by the plaintiff in error and said railway companies against him, to establish his debt and the plaintiff in error's promise to pay it, but the court held the proof was not sufficient to entitle him to re-

cover judgment against plaintiff in error. The United States Circuit Court found the issues for the defendant and rendered judgment against the plaintiff for costs, which was a final judgment.

In *Zimmerman* v. *Zimmerman,* 15 Ill. 84, a judgment was entered by a justice of the peace showing that the parties appeared before the justice and went to trial, and after hearing the testimony he rendered judgment against the plaintiff for costs. This was held to be a judgment in bar and constituted a good defense to a subsequent suit brought upon the same cause of action. The defendant in error failed in the United States Circuit Court because his evidence was insufficient to establish his right to judgment. The defendant in that case, in effect, by his motion demurred to the evidence. The court, in passing upon that motion, held the evidence insufficient to entitle the plaintiff to recover and gave judgment for the defendant. Where the plaintiff fails to make a case and the court gives a peremptory instruction in favor of defendant, and the court renders judgment upon a verdict of the jury returned under such direction, it can not be doubted the judgment is final and upon the merits and can be pleaded in bar of another action based upon the same facts. We see no difference between the legal effect of such judgment and the judgment rendered by the United States Circuit Court. The fact that the plaintiff in the case in the United States Circuit Court failed to prove, by sufficient or competent evidence, that the defendant promised to pay to him the debt of the Belleville and St. Louis Railway Company and judgment was rendered in favor of the defendant by reason of the failure to make such proof, did not leave that question an open one, subject to be re-tried in another suit. A plaintiff cannot try his case by piecemeal. In the case at bar the defendant in error submitted proof of the alleged parol promise of the plaintiff in error to pay the debt due him by the Belleville and St. Louis Railway Company, and that said debt was included within the provision "other

valuable considerations to it from him moving," contained
in the deed of March 25, 1893. Under the declaration on
file in the case in the United States Circuit Court the ques-
tion of the promise of the plaintiff in error to pay said debt
and that the same fell within the said provision contained in
said deed was put in issue by the plea filed in that case, and·
the same evidence would have been material and admissible
there. The defendant, however, saw fit to rely upon the rec-
ord evidence only, and in this case he is bound by the record
made in that case.

   . The doctrine of *res judicata* embraces not only what has
been actually determined in the former suit, but also extends
to any other matters properly involved and which might have
been raised and decided in that suit. (*Bennitt* v. *Wilming-
ton Star Mining Co.* 119 Ill. 9.) In *Umlauf* v. *Umlauf*, 117
Ill. 580, on page 584 the court said: "No principle is better
settled than that where a question proper for judicial deter-
mination is directly put in issue and finally determined in a
legal proceeding by a court having competent authority and
jurisdiction to hear and determine the same, such decision
and determination of the question will be deemed final and
conclusive upon the parties and their privies in all future
litigation between them in which the same question arises,
so long as the judgment remains unreversed or is not other-
wise set aside." In *Bailey* v. *Bailey*, 115 Ill. 551, at page
557 the court said:. "As said in *Rogers* v. *Higgins*, 57 Ill.
244, the controversy cannot be re-opened to hear additional
reasons which before existed and were within the knowledge
of the party, in support of the same cause of action. The
principle of *res judicata* embraces not only what actually was
determined in the former case, but also extends to any other
matter properly involved and which might have been raised
and determined in it." And in *Harmon* v. *Auditor of Public
Accounts*, 123 Ill. 122, at page 133, the court quoted with
approval the language of the Supreme Court of the United
States in *Town of Beloit* v. *Morgan*, 7 Wall. 619, where it

was said: "The principle of *res judicata* reaches further. It extends not only to the questions of fact and of law which were decided in the former suit, but also to the grounds of recovery or defense which might have been, but were not, presented."

From an examination of this record we have been forced to the conclusion that the circuit and Appellate Courts erred in holding that the judgment of the Circuit Court of the United States was not a bar to the defendant in error's right of recovery in this case under the third and fourth pleas of set-off filed by him, as we think it apparent the question whether or not the plaintiff in error agreed to pay to the defendant in error the debt due him by the Belleville and St. Louis Railway Company was in issue in that case and was decided therein adversely to the defendant in error, and that that judgment was a final judgment upon the merits and binding upon the defendant in error, and is *res judicata* of the question presented by said third and fourth pleas of set-off, and that there can be no recovery under the first and second pleas for want of evidence.