No. 10,955.

SABEN *v.* SABEN.

Decided March 2, 1925.

Action for divorce.   Judgment for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Instructions—Abstract.*   To entitle a complaining party to a hearing on objections to instructions, he must produce in his abstract of record all that were given by the trial court.

2.  DIVORCE AND ALIMONY—*Desertion—Prior Suit.*   In an action for divorce on the ground of desertion, the period of time of pendency of a prior suit, prosecuted in good faith, to annul the marriage or for separate maintenance, cannot be computed as a part of the time of desertion relied on in the subsequent action for divorce.

3.  HUSBAND AND WIFE—*Separate Maintenance—Reconciliation.*   Duty of husband or wife after termination of a suit for separate maintenance, to endeavor to effect a reconciliation, discussed.

4.  DIVORCE AND ALIMONY—*Alimony—Judgment of Trial Court.*   Since the trial court has continuing power to change or reduce alimony, the reviewing court declines to disturb the judgment concerning that matter.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. FOSTER CLINE, Mr. G. A. TROUT, for plaintiff in error.

Mr. H. E. LUTHE, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN his action for a divorce on the grounds of cruelty and desertion, the plaintiff, Fred Saben, had a decree against his wife Mary Saben on the desertion charge, the court having withdrawn from the jury the issue of cruelty. There was an award to the wife of $10.00 per week permanent alimony until the further order of the court. The defendant has sued out this writ and thus groups her assignment of errors: (1) There is no evidence tending to show desertion. (2) There can be no desertion while there is pending and undisposed of a separate maintenance or divorce action by one of the parties against the other. (3) The plaintiff's conduct was a consent to the separation and, therefore, he cannot claim desertion. The plaintiff, defendant in error, has assigned cross-errors as to the award of alimony.

Before this action for divorce was begun the defendant, Mary Saben, had brought a separate maintenance action against her husband and during its progress, and before the hearing on the merits, had obtained an order of the district court ousting him from their home. The final judgment or decree in the separate maintenance action was against Mrs. Saben. The abstract of the record does not make it clear whether the pending divorce action was brought before or after the decree in the former action. We shall assume, however, that it was during the pendency of the former suit.

1. The record is voluminous, more than 900 folios. In the printed abstract of the record by plaintiff in error, the testimony is condensed into about 7 printed pages interlarded with arguments of counsel. Reasonable condensation is to be encouraged, but this effort of plaintiff in error is so palpably lacking in definiteness and fullness as to furnish no adequate conception of the merits of the con-

troversy. It is of little or no assistance to the court in passing upon the objections urged to the decree. To entitle a complaining party to a hearing on objections to the instructions he must reproduce in his abstract of record all that were given by the trial court. This abstract contains instructions numbered 2, 4, 6 and 7. How many were given is not stated. It is apparent that other instructions not included in the abstract were given. We, therefore, decline to consider any objections to the instructions.

2. The principal and only question of importance is contained in the second proposition or assignment which may be considered in connection with the first. It is that in an action for divorce on the ground of desertion the period of time of the pendency of a prior bona fide suit for a nullity of the marriage, or for separate maintenance, cannot be computed as part of the time of desertion relied on in the subsequent action for divorce. *Umlauf v. Umlauf,* 117 Ill. 580, 586, 6 N. E. 455, 57 Am. Rep. 880; *Doyle v. Doyle,* 26 Mo. 545. New Jersey seems to have gone farther than any other state in enforcing this rule. *Chipchase v. Chipchase,* 48 N. J. Eq. 549, 22 Atl. 588. In later New Jersey cases, *Hall v. Hall,* 60 N. J. Eq. 470, 46 Atl. 866, *Fry v. Fry,* 100 Atl. 839, the New Jersey court has held that the rule is enforced only where the first suit was bona fide. In other words, the rule excluding computation is not applicable if the first suit was not in good faith. In the state of this record we must presume that the finding of the jury that the defendant was guilty of desertion included or involved the finding, which was justified by the evidence, that the former separate maintenance suit by her was not brought or prosecuted in good faith. To satisfy ourselves, though we were not required to do so, we have examined the transcript of the record, not reproduced in the printed abstract, to ascertain if the jury was justified in finding, and the court in adjudging, that her separate maintenance suit was not prosecuted in good faith. Bad faith is not established by the mere failure of Mrs. Saben to sustain her separate maintenance action. Other evi-

dence, however, tends strongly to show that her real object therein was not to secure a judicial separation, but to get title in her own name to the greater part of her husband's property.

3.  The third assignment of error is based upon alleged testimony that after the judgment in the separate maintenance action against the wife was rendered, the husband made no effort, as it was his duty to do, to effect a reconciliation. The contention is that it is essential in all such cases for the husband, though not for the wife, to make the necessary advances toward a resumption of the marriage relation. It is doubtful if the cases go to the extent of holding that this is the imperative duty of either husband or wife who is not in fault. However that may be, this record discloses that the alleged offer of the wife, in a letter to her husband said to be an invitation to him to resume the marriage relation, does not come up to the requirements in that particular. The letter is evasive, indefinite and does not bear evidence of a genuine desire upon her part that this relation be resumed. Her conduct throughout these unfortunate domestic differences, under review in two different actions in the same court, presided over by the same judge, was condemned by the trial court and the jury who saw the parties and heard them testify. They found that the wife and not the husband was the offending party. We might, as already indicated, have summarily dismissed this writ of error without any discussion of the assignments of error, but in a controversy in which the state itself is interested we have considered them and find the contentions of plaintiff in error are lacking in merit, so far as can be determined from the record before us.

4.  We are not disposed to interfere with the award of alimony. It is proper, however, to say that, considering that defendant, not plaintiff, is the guilty party, the age of the husband, his small property interests, and his rapidly increasing disability as a laborer to earn a livelihood for himself and his divorced wife, we are impressed with the

argument that the award borders on the excessive. Since, however, the district court has the continuing power upon a proper application to change or reduce the alimony, we have concluded not to set it aside, leaving the matter open for further adjustment by the district court.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.